Filed 3/12/24  Lopez v. Gorospe CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ARTHUR LOPEZ, | |
| Plaintiff and Appellant, | G061429 |
| v. | (Super. Ct. No. 30-2022-01260361) |
| KRISTAL GOROSPE, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Glenn Mondo, Commissioner.  Affirmed.

Arthur Lopez, in pro. per., for Plaintiff and Appellant.

Wagner Zemming Christensen, Dennis E. Wagner and Risa S. Christensen for Defendant and Respondent.

\*     \*     \*

Arthur Lopez appeals from a court commissioner's denial of his ex parte application for a temporary restraining order (TRO).  Lopez claims his consent was necessary prior to the commissioner reviewing and ruling on the application.  Lopez also argues the court erred in denying the TRO because he submitted evidence demonstrating "the relentless harassment, obstruction of justice, deprivation of U.S. Constitutional Civil Rights and [g]ender [d]iscrimination . . . ."  Lopez requests that this court issue a writ ordering the trial court to grant the TRO.  Lopez alleges the court's staff prevented him from learning when the commissioner would review his application, from appearing in person, and from presenting oral testimony at the hearing.  Lopez further asserts the court and its staff discriminated against him because of his gender and religious beliefs.  Lastly, Lopez contends the court and its staff refused to accept and file various documents or made it difficult for Lopez to do so.  We conclude Lopez's contentions lack merit and/or are waived.  Accordingly, we affirm the court's order.

**FACTS**

Lopez filed an ex parte application for a TRO.  The application named Kristal Gorospe and "call center employees" as targets of the TRO.  Lopez requested that the TRO protect him and four family members who do not live with him.  He asserted the TRO was necessary because of a conspiracy "to create alienation subjecting the [*sic*] to sex traffic, drug traffic, prostitution."  Lopez alleged Gorospe and the "call center employees" obstructed case filings, rejected numerous proofs of service and other documents, provoked him, exposed him to organized crime, delayed several filings, and deprived him of his constitutional rights.  Lopez did not support these contentions with documentary evidence or further declarations.

The trial court assigned the application to a commissioner who denied it without prejudice and set the matter for an evidentiary hearing.  Lopez filed a notice of appeal challenging denial of the TRO.  At the evidentiary hearing, Lopez refused to

2

stipulate to a commissioner to act as a temporary judge for all purposes. The case was then reassigned to a judge; the judge stayed the matter pending resolution of this appeal.

## DISCUSSION

1.    *Authority of Commissioners*

    A.    *Standard of Review*

Lopez challenges the authority of commissioners to review and decide ex parte applications for TROs without a stipulation from the parties. Such a challenge raises a pure issue of law which does not involve the resolution of disputed facts. Therefore, we review the challenge de novo. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

    B.    *Applicable Law*

Commissioners derive their authority from the California Constitution which allows the Legislature to "provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties." (Cal. Const., art. VI, § 22.) The authors drafted the phrase "subordinate judicial duties" broadly to "'permit specific details to be later enacted or adopted by the legislative or rulemaking agencies.'" (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 306.) The Legislature enacted Code of Civil Procedure[1] section 259, which defines and sets the limits of these duties. That section, as relevant here, allows court commissioners to "[h]ear and determine ex parte motions for orders and alternative writs and writs of habeas corpus in the superior court for which the court commissioner is appointed." (§ 259, subd. (a).)

---

[1]    All further statutory references are to the Code of Civil Procedure.

3

C. *Stipulations Are Not Required for Commissioners to Rule on*

*Ex Parte Applications for TROs*

Section 259, subdivision (a), specifically allows commissioners to decide ex parte motions without a stipulation. (*Settlemire v. Superior Court* (2003) 105 Cal.App.4th 666, 670.) There is no difference between an application for a TRO and a motion. A motion is simply an "application for an order." (§ 1003.) An ex parte application for a TRO is a request for an order from the court. Therefore, an "ex parte motion" includes an ex parte application for a TRO; a commissioner can review and decide them without a stipulation from the parties. (*Gomez, supra*, 54 Cal.4th at p. 300 [no stipulation required for commissioners to rule on ex parte petitions for writs of habeas corpus].)

Lopez primarily relies on California Rules of Court, rule 2.816, *In re Marriage of Djulus* (2017) 10 Cal.App.5th 1042 (*Djulus*), *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351 (*Rooney*), and *Ex Parte Young* (1908) 209 U.S. 123. California Rules of Court, rule 2.816 does not mandate a stipulation before a commissioner can decide ex parte applications. Rule 2.816 only governs the *form and contents* of the *notice* the court must give to parties when the law requires a stipulation. (Cal. Rules of Court, rule 2.816(a), (b) & (c).)

In *Djulus*, the defendant refused to stipulate to a commissioner acting as a temporary judge in a contested marital dissolution case. (*Djulus, supra*, 10 Cal.App.5th at p. 1045.) The commissioner ruled since the defendant took part in an earlier hearing without objection, his conduct suggested a "'tantamount stipulation.'"[2] (*Id.* at p. 1048.) The commissioner eventually entered judgment in dissolution favorable to the plaintiff.

---

[2]  Under the "'tantamount stipulation'" doctrine, it is the parties' conduct in appearing and proceeding with a commissioner, without objection, which shows their intent. (*Djulus, supra*, 10 Cal.App.5th at p. 1044.)

On appeal, the court ruled there was insufficient evidence to find the defendant's conduct constituted a virtual stipulation. (*Id.* at p.1045.) Thus, the issue in *Djulus* was not whether a commissioner could rule on ex parte applications without a stipulation. It was whether the defendant's conduct amounted to a tantamount stipulation since the law required a stipulation prior to a commissioner entering judgment in a contested marital dissolution case.

*Rooney* and *Ex Parte Young* are similarly inapposite. In *Rooney*, the court held the law requires a stipulation from the parties prior to a commissioner entering a final judgment following a settlement agreement. (*Rooney, supra*, 10 Cal.3d at p. 360.) It did not hold the parties must stipulate for a commissioner to rule on ex parte motions or applications for TROs. Likewise, *Ex Parte Young* did not discuss the issues raised by Lopez.[3]

2. *Lopez's Failure to Support Contentions with Appropriate Record Citations*

Lopez argues the court denied the TRO despite there being evidence to support its issuance. Lopez does not support this contention with appropriate citations to the record. "'One cannot simply say the court erred, and leave it up to the appellate court to figure out why.'" (*Jewish Community Centers Development Corp. v. County of Los Angeles* (2016) 243 Cal.App.4th 700, 716.) Having failed to properly support the contention, Lopez waives the argument. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894.)

---

[3] In his reply brief, Lopez requests that this court take judicial notice of certain caselaw. The California Rules of Court require that Lopez make the request by formal motion filed separately from his brief. (Cal. Rules of Court, rule 8.252(a)(1).) However, we will grant his request to the extent it seeks notice of the decisional and statutory law of California and the United States. (*Duggal v. G.E. Capital Communications Services, Inc.* (2000) 81 Cal.App.4th 81, 86.)

3.    *The Court Did Not Abuse Its Discretion in Denying the TRO*

We review the denial of a TRO for abuse of discretion.  (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.)  We will only disturb the lower court's ruling "upon a showing of 'a clear case of abuse' and 'a miscarriage of justice.'"  (*Association for Los Angeles Deputy Sheriffs v. Los Angeles Times Communications LLC* (2015) 239 Cal.App.4th 808, 824.)  We have independently reviewed the record and conclude the court did not abuse its discretion in denying the application for the TRO.

A TRO may be granted ex parte where it appears from the facts shown in a declaration containing competent testimony based on personal knowledge that the applicant will suffer irreparable harm or immediate danger if the application is not granted.  (§ 527, subd. (c)(1); Cal. Rules of Court, rule 3.1202(c).)  Ex parte relief is reserved for "'the plainest and most certain of cases.'"  (*People ex rel. Allstate Ins. Co. v. Suh* (2019) 37 Cal.App.5th 253, 257.)  Lopez's application did not contain competent evidence supporting a determination that he would suffer irreparable harm or immediate danger if the court did not grant the TRO.  (*Newsom v. Superior Court* (2020) 51 Cal.App.5th 1093, 1097.)  Lopez's unsupported broad allegations contained in the application are insufficient to justify its issuance.  Thus, the trial court did not abuse its discretion in denying the ex parte application for a TRO.

4.    *Lopez's Remaining Claims Were Not Raised in the Trial Court*

Lopez argues we should vacate the denial of his application because the trial court and its staff tried to prevent him from appearing in court, from supplying oral testimony, and from learning the date and time of the hearing.  Lopez further makes various allegations that the court and its staff discriminated against him because of his gender and religious beliefs and made it difficult for him to file necessary court documents.

Lopez never raised these issues with the trial court nor did the court rule upon them.  The purpose of an appeal is not to decide the facts, but to review the record

6

for trial court error.  (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)  We decline to supplant the trial court as the proper forum for the consideration of facts, evidence, and witness credibility.  (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 472.)

     5.     *Writ Relief*

Lopez asks this court to grant the TRO by "writ or otherwise."  To the extent Lopez is asking for a writ to issue in the first instance, Lopez ignores the fact he filed an appeal.  He did not seek writ relief from this court.  To the extent Lopez is requesting we treat the appeal as a writ petition, Lopez does not explain why an appeal would be an inadequate remedy and why injury to him would be irreparable absent immediate relief.  (*Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 566, fn. 1.)  For all these reasons, we deny Lopez's request for writ relief.

## DISPOSITION

The order denying Lopez's application for a temporary restraining order is affirmed.  Gorospe shall recover her costs incurred on appeal.

                                          GOETHALS, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOTOIKE, J.